**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| MICHAEL W. RONDINI, as Administrator and Personal Representative for the Estate of MEGAN ELIZABETH RONDINI, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>TERRY J. BUNN, JR., )<br><br>Defendant. ) | CASE NUMBER<br>7:17-CV-01114-RDP |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

**COMES NOW** Terry J. Bunn, Jr. (hereinafter "Defendant") and replies to Plaintiff's Response to Defendant's Motion to Strike (Doc. 144). In support thereof, Defendant states as follows:

**I. ARGUMENT**

Plaintiff's position about whether Drs. Rezaee and Arnold are offering expert or lay witness testimony in this case is contradictory. On the one hand, Plaintiff stated in its Brief in Response to Defendant's Motion for Summary Judgment that "three board-certified psychiatrists have offered **expert medical opinions** that Megan was the victim of a sexual assault and/or false imprisonment that **led to** serious emotional distress and, eventually, **to Megan's death**." (Doc. 138) (emphasis added). Yet, Plaintiff now argues in its Response to Defendant's Motion to Strike that Drs. Rezaee

1

and Arnold are merely offering fact witness testimony through their observations and decisions made during the course of decedent Rondini's treatment, which can allow the jury to make the inference that the alleged sexual assault caused decedent Rondini's suicide. According to Plaintiff's response, there is no requirement to establish causation through expert testimony, and, in any event, Dr. Barbara Ziv, the Plaintiff's only designated expert, would nevertheless provide "the specific hired expert causation testimony Defendant appears to demand." (Doc 144, at 6).

As explained in its initial Motion to Strike and further below, Plaintiff's contentions fail.

### A. Treating Physicians Cannot Provide Causation Testimony Without Complying with Mandatory Expert Witness Disclosure Rules.

To be clear, Defendant is not contesting Drs. Rezaee and Arnold's ability to testify as lay witnesses regarding their observations made during the course of decedent Rondini's treatment. Defendants do, however, dispute and move to strike these treating physicians' testimony **on the issue of causation** because the requisite expert witness disclosures were not made.

Case law in the 11th Circuit clearly states that treating physicians cannot give an opinion that a traumatic event **caused** an injury unless the treater is qualified, has been identified as an expert witness and their opinions have been formally disclosed. *See* Trinidad v. Moore, 2016 WL 5341777, at *5 (M.D. Ala. Sept. 23, 2016) ("treating physician's testimony is an opinion which must be disclosed unless the opinion was made within the course of treatment"); Gordon v. Wal-Mart Supercenter, 2009 WL 3850288, at *8 (S.D. Ala. Nov. 12, 2009) (treating physician may not testify to "any statements in the medical records unrelated to the treatment of plaintiff, including any statements as to the causation of plaintiff's injuries"); Patrick v. Henry Cty., No. 1:13-CV-01344-RWS, 2016 WL 2961103, at *2 (N.D. Ga. May 23, 2016) ("[a]ccordingly, when a treating physician testifies as to the cause of an injury or illness, he or she testifies as an expert."). Causation testimony from treating physicians should not be admitted unless properly disclosed as an expert.

See U.S. v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (trial court erred in admitting expert causation testimony from a treating physician who had not been disclosed as an expert); Phillips v. American Honda Motor Co., Inc., 438 F. Supp. 2d 1328, 1330-32 (S.D. Ala. 2006) (precluding medical causation testimony from plaintiff's treating physicians who had not been disclosed as expert).

      Here, Drs. Rezaee and Arnold should be prohibited from providing expert testimony on causation since Plaintiff did not disclose the identity, the subject matter or a summary of facts and opinions to which the witnesses are expected to testify pursuant to Fed. R. Civ. P. 26(a)(2)(A), (C). Expert testimony on the issue of causation is clearly the type of scientific, technical, or other specialized knowledge within the scope of Rule 702, and permitting such testimony under the guise of lay testimony is expressly disallowed under Rules 701 and 702. Otherwise, speculative, non-expert opinions as to why decedent Rondini committed suicide would be allowed to establish this critical element, similar to what the Plaintiff is attempting to do here. (See Doc. 144) (arguing that "the jury will be presented with evidence from Megan's treating physicians, her family, and her close friends regarding her mental condition … [and] [t]his evidence would allow a juror to make the natural inference that the sexual assault led to Megan's suicide.").

      The 2000 Amendment committee notes in Rule 701 support Defendant's position. There, the Committee expressed the importance of ensuring that witness testimony based on scientific, technical or other specialized knowledge within the scope of Rule 702 when it stated:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702….
> The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is

governed by the standards of Rule 702 and **the corresponding disclosure requirements** of the **Civil** … **Rules**.

Fed. R. Civ. P. 701, Committee Notes on Rule – 2000 Amendment (citations omitted). In other words, while these treating physicians can opine about decedent Rondini's medical condition during their treatment, they are not allowed to provide a **causation opinion** as to the cause of decedent Rondini's death absent compliance with expert witness disclosures because this type of testimony is clearly scientific, technical or other specialized knowledge within the purview of Rule 702.

As such, Defendant brings this Motion to Strike to prohibit Drs. Rezaee and Arnold from providing testimony as Plaintiff's failure to disclose these experts' opinions on causation is not substantially justified or harmless under Fed. R. Civ. P. 37. Moreover, to the extent that Plaintiff argues that Dr. Barbara Ziv will provide expert testimony on causation, Defendant refers this Honorable Court to its argument in its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment as to why her causation testimony is deficient. (See Doc. 141, at 4-7).

## II. CONCLUSION

**WHEREFORE,** premises considered, Defendant asks this Court to **GRANT** its Motion to Strike (Doc. 140) the affidavit of Dr. Ziba Rezaee, including any reference to Dr. Rezaee's testimony in Plaintiff's Response to Defendant's Motion for Summary Judgment, as well as her usage at trial as an expert witness on the issue of causation. Moreover, Defendant likewise asks this Court to **GRANT** its Motion to Strike any testimony, argument, reference or otherwise by Dr. Susan Arnold in Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 137-139), as well as her usage at trial as an expert witness on the issue of causation.

Respectfully submitted,

4

```
                                             /s/ Richard E. Smith
                                             Richard E. Smith (ASB-6536-M69R)
                                             Attorney for Defendant
```

OF COUNSEL:
Richard E. Smith
CHRISTIAN & SMALL, LLP
505 20th Street North
1800 Financial Center
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
res@csattorneys.com


## CERTIFICATE OF SERVICE

I hereby certify that I have this date, using the CM/ECF filing system which will send electronic notification of such filing, served a copy of the foregoing pleading upon all counsel of record:


Leroy Maxwell, Jr.
MAXWELL LAW FIRM
2326 2nd Avenue North
Birmingham, AL 35203

Patricia Davis (Admitted PHV)
Julie E. Heath (Admitted PHV)
FARROW-GILLESPIE & HEATH, LLP
1700 Pacific Avenue, Suite 3700
Dallas, TX 75201
Attorneys for Plaintiff

W. Ivey Gilmore, Jr.
GILMORE, POOLE & ROWLEY
1905 7th Street
Tuscaloosa, AL 35401
Attorney for Defendant


```
                                             /s/ Richard E. Smith
                                             OF COUNSEL
```