IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL W. RONDINI, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | **CASE NO.: 7:17-cv-01114-RDP** |
| § | |
| **THE UNIVERSITY OF ALABAMA** § | |
| **at TUSCALOOSA, et al.,** § | |
| § | |
| **Defendants.** § | |

_____

### RESPONSE TO MOTION TO STRIKE
_____

Comes Sheriff Ron Abernathy, and responds to Plaintiff's motion to strike (Doc. 153) his motion and request for certified questions, as follows:

1. Unlike its counterpart in the Alabama Rules of Civil Procedure, Federal Rule of Civil Procedure 1 states that federal rules governing procedure in all civil actions "should be construed, administered, and **employed** by the court and the parties to secure the just, speedy, and inexpensive determination of every civil action and proceeding." (Emphasis supplied).

2. Plaintiff incorrectly characterizes its amended complaint (Doc. 7) in the motion to strike. Plaintiff's amended complaint, at its "Count I: Wrongful Death of Megan Rondini," after pleading a "statement of jurisdiction" that "[t]he Court

has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367," (Doc. 7, p. 3) invokes "Ala. Code 1975 § 6-5-410, by and for the benefit of Michael and Cynthia Rondini, the biological parents of Megan" (Doc. 7, p. 23) against all Defendants, including a claim that "[i]n addition, Megan's death was the direct and proximate result of Defendants' intentional, wanton, and malicious actions evidencing a conscious indifference to Megan's rights and welfare.  Thus, under Alabama Law, Plaintiffs as Megan's parents, each of them individually, are entitled to exemplary and punitive damages." (Doc. 7, pp. 23-24).

3. The Alabama Supreme Court is effectively "the last word" on application of its wrongful death act to claims made thereunder.  *See,* Code of Ala. § 6-5-410.

4. Alabama's Rule 18 of its Appellate Rules of Civil Procedure, governing Certified Questions from Federal Courts, in order to properly apprise the Alabama Supreme Court of the context of claims that prompt a federal court to invoke it, requires, in addition to the style of the federal case,  "a statement of facts showing the nature and cause and the circumstances out of which the questions or propositions of law arise and the question of law to be answered."  Rule 18(d), Alabama Rules of Appellate Procedure.

5. The questions this court chooses to submit to the Alabama Supreme Court must, pursuant to Rule 1, Federal Rules of Civil Procedure, "be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every civil action and proceeding," and those requested by Sheriff Abernathy, if answered in the affirmative by the Alabama Supreme Court, will effectively and permanently end this civil action, for good, as to the Sheriff and his Deputy, against whom Plaintiffs chose to file an Alabama wrongful death action under Alabama law, invoking the supplemental jurisdiction of this court to pursue that state law claim.  (Doc. 7, pp. 3, 23-4).

      6.  The Alabama Supreme Court is not required to answer questions that are certified to it by federal courts but, when it does so, its opinions are published and clarify state law not only for requesting federal courts and parties affected thereby, but also as a matter of case law that becomes instructive and binding throughout the State of Alabama for all its citizens.  Hence, the Sheriff's statement in his motion and request for certified questions (Doc. 152, p. 4) that "he has a personal interest in them as a matter of public policy that affects law enforcement under his command, as well as the public purse."

      Wherefore, Sheriff Abernathy requests that the motion to strike filed by Plaintiff (Doc. 153) be denied, and that his requested certified questions, in a form to be decided by the court, in its discretion, be submitted "along with any such other questions as may be submitted by any other parties, through their counsel."

        Respectfully submitted,

        *s/ Joel E. Dillard*
        Joel E. Dillard (ASB-5418-R62J)
        DILLARD, MCKNIGHT, JAMES & MCELROY, LLP
        Post Office Box 530333
        Birmingham, Alabama 35252-0333
        Telephone: (205) 271-1100
        Facsimile:   (205) 271-1108
        jdillard@dillardmcknight.com

        *Counsel for Sheriff Ron Abernathy*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 5th day of February, 2020, using the CM/ECF filing system, which will send electronic notification of such filing, I served the foregoing pleading on known remaining counsel of record:

| | |
|---|---|
| Richard E. Smith | Leroy Maxwell, Jr. |
| CHRISTIAN & SMALL, LLP | MAXWELL LAW FIRM |
| 505 20th Street North | 2326 2ND Avenue North |
| 1800 Financial Center | Birmingham, Alabama 35203 |
| Birmingham, Alabama 35203 | |
| | |
| W. Ivey Gilmore, Jr. | Patricia Davis (Admitted PHV) |
| GILMORE, POOLE & ROWLEY | Julie E. Heath  (Admitted PHV) |
| 1905 7TH Street | 1700 Pacific Avenue - Suite 3700 |
| Tuscaloosa Alabama 35401 | Dallas, Texas 75201 |

        *s/ Joel E. Dillard*
        Of Counsel