# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL W RONDINI, as Administrator and Personal Representative for the Estate of MEGAN ELIZABETH RONDINI, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>TERRY J. BUNN, JR.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NUMBER<br>)  7:17-cv-01114-RDP<br>)<br>)<br>)<br>) |

## RESPONSE TO MOTION TO QUASH DEFENDANT'S TRIAL SUBPOENAS AND SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER

Defendant Terry J. Bunn, Jr., hereby responds to the Motion to Quash Defendant's Trial Subpoenas (ECF Doc. 189) as follows:

**I.    Defendant's subpoenas are proper under the Amended Scheduling Order**

This Court's June 25, 2021 Amended Scheduling Order (ECF Doc. 170) provides, "All discovery is closed, but for the issuance of trial subpoenas for documents to be used at trial." The subpoenas issued by Bunn are proper because they seek documents that may be used at trial.

In addition, on his exhibit list, Plaintiff has listed many of the subpoeanaed records, including records from Dr. Susan Arnold, and at least some, if not all, of the records from the DCH Regional Medical Center, the University of Alabama Student Health Center, the University of Alabama Women and Gender Resource Center, Quest Diagnostics, CVS, Renaissance Women's Group, and Innisfree. (ECF Doc. 187 ##25-37, 48-62, 81-82, 116). Plaintiff cannot complain about subpoenas for records that the Plaintiff himself may use at trial.

1

## II.     Defendant provided proper notice

Rule 45(a)(4), *Fed. R. Civ. P.*, requires that a copy of a subpoena for documents must be served on each party "before it is served on the person to whom it is directed." As Plaintiff admits, Defendant provided notice and copies of six subpoenas to Plaintiff on August 11, 2021. (ECF Docs. 189 at 3 and 189-2). Defendant then served the subpoenas on August 12, 2021—not on August 9 which was merely the date listed on the subpoenas. See Exhibit A. Thus, Defendant complied with his obligation to provide notice to Plaintiff before serving the subpoenas. *See Kemper v. Equity Ins. Co.*, No. 1:15-cv-2961-TCB, 2016 U.S. Dist. LEXIS 186575, at *17, 2016 WL 7428215 (N.D. Ga. Apr. 29, 2016) (one day's notice of subpoena is sufficient); *Parke v. Glover*, No. CA 09-0327-WS-C, 2010 U.S. Dist. LEXIS 6279, at *7, 2010 WL 370329 (S.D. Ala. Jan. 26, 2010) ("Even if that notice is only one day prior to service of the subpoenas, that should provide parties with sufficient time to file objections and move to quash.").

## III.    Plaintiff may not seek to quash the subpoenas as being overly broad

Plaintiff does not have standing to file a motion to quash the subpoenas. "Typically, parties may not move to quash subpoenas, as a 'party does not have standing to quash a subpoena served on a third party'; however, courts have permitted a party to file such a motion when 'the party alleges a "personal right or privilege with respect to the materials subpoenaed."'" *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 U.S. Dist. LEXIS 227829, at *13 (N.D. Ala. Nov. 4, 2019) (quoting *Cellairis Franchise, Inc. v. Duarte*, 193 F. Supp. 3d 1379, 1381 (N.D. Ga. 2016), quoting in turn *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Earlier in this case, this Court applied the general no-standing rule in denying Defendant's motion to quash. *Rondini v. Bunn*, No. 7:17-cv-01114-RDP, 2019 U.S. Dist. LEXIS

96447, at *7, 2019 WL 2409134 (N.D. Ala. June 7, 2019).[1] Plaintiff cannot seek to have the subpoenas quashed because he has not argued that he has a personal right or privilege regarding the subpoenaed documents.

Respectfully submitted,

*/s/ Richard E. Smith*
Richard E. Smith (ASB-6536-M69R)
Rachel J. Moore (ASB-8944-O64R)
W. Ivey Gilmore, Jr. (ASB-4395-I66W)
*Attorneys for Defendant, Terry J. Bunn, Jr.*

**OF COUNSEL:**
**CHRISTIAN & SMALL, LLP**
505 20th Street North
1800 Financial Center
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
Email: res@csattorneys.com
rjmoore@csattorneys.com

**OF COUNSEL:**
**GILMORE, ROWLEY , CRISSEY & WILSON, LLC**
1905 7th Street
Tuscaloosa, AL 35401
Telephone: (205) 752-8338
Facsimile: (205) 752-1283
Email: gilmore@gilmorerowley.com

---

[1] Although this Court granted, in part, Defendant's motion for a protective order as to the information requested by the subpoenas, *Id.* at *16-*17, this Court's earlier issuance of a protective order does not help Plaintiff because Plaintiff has not moved the Court for a protective order.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of August, 2021, I electronically filed the foregoing document with the CM/ECF E-Filing Website system, which will send notification of such filing to the following e-mail addresses:

*Attorneys for Plaintiff*
Leroy Maxwell, Jr.
Austin T. Russell
MAXWELL LAW FIRM
2100 1st Avenue North - Suite 370
Birmingham, AL 35203
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

Julie E. Heath (Admitted PHV)
FARROW-GILLESPIE & HEATH, LLP
1700 Pacific Avenue, Suite 3700
Dallas, TX 75201
julie.heath@fghlaw.com

                                            */s/ Richard E. Smith*
                                            OF COUNSEL