UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL W. RONDINI, as Administrator and Personal Representative of the Estate of Megan Elizabeth Rondini, Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>TERRY J. BUNN, JR.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 7:17-cv-01114-RDP<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

The Clerk of Court referred this action to the undersigned for mediation. Therefore, the undersigned **SETS** a settlement conference for **September 10, 2021, at 9:30 a.m.**, in his second floor courtroom of the Hugo L. Black Federal Courthouse in **Birmingham, Alabama**.

Each party who is a natural person must be present during the entire mediation, either personally or virtually.  Each party that is not a natural person must be represented at the mediation by a principal, partner, officer, or official with full authority to negotiate a settlement.  If one or more insurance companies are necessary to a settlement of the case, a representative from each insurance company with authority to negotiate a settlement shall be present in person during the entire mediation.  [An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement.  An uninsured corporate party shall

appear by a representative authorized to discuss and make recommendations relating to settlement.]

Each party shall provide, in confidence, a settlement memorandum by the close of business on **September 8, 2021**.  The parties may send the settlement memoranda to the undersigned's chambers at johnson_chambers@alnd.uscourts.gov.  The memorandum shall include a brief description of:

1. any liability disputes;
2. facts you believe you can prove at trial;
3. the damages at issue in the case;
4. the major weaknesses in each side's case, both factual and legal;
5. the history of settlement negotiations thus far;
6. the party's settlement position;
7. the major obstacle to settlement as you perceive it;
8. reference to any pending dispositive or other motions that would have a significant effect on settlement for the undersigned to review prior to settlement;
9. any other special issues that may have a material bearing upon settlement discussions (e.g. outstanding liens, particularly contentious litigation history, etc.); and
10. individuals you plan to bring to the settlement conference.

In setting forth your settlement position, do not just argue the merits of your case. For the undersigned and parties to be successful in the limited time provided for this settlement conference, you should provide the undersigned with a clear and candid understanding of your and your client's actual evaluation of the case and an idea of where you believe the case should settle. The undersigned will keep confidential all matters communicated to the undersigned in confidence.

The undersigned may contact you to answer questions, clarify issues, discuss who is attending the settlement conference, and review other preliminary matters designed to ensure the conference itself is productive. Similarly, the undersigned invites counsel to contact the Court to address any matters it believes need to be discussed in advance.

At the settlement conference the parties shall give a brief (five-minute) presentation outlining the factual and legal highlights of their case. Then, the undersigned will conduct separate, confidential caucuses with each party and the party's representative(s).

It is the duty of the plaintiff to notify this court if the case is settled or otherwise disposed of prior to the date of the scheduled settlement conference, so that the matter may be removed from the court's docket.

**DONE** and **ORDERED** this 2nd day of September, 2021.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE