# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL W. RONDINI,** as Administrator and Personal Representative for the Estate of Megan Elizabeth Rondini, deceased, | } } } } } |
| **Plaintiff,** | } } |
| v. | } **Case No.: 7:17-cv-01114-RDP** |
| **TERRY J. BUNN, JR.,** | } } |
| **Defendant.** | } |

## **AMENDED SCHEDULING ORDER**

On August 30, 2021, the court held a pretrial conference by phone with counsel for the parties.

Appearing at the conference were:

Representing plaintiff:   <u>Austin Russell, and Julie E. Heath</u>

Representing defendant:   <u>Richard E. Smith, Rachel Moore, Ivey Gilmore and Laura J. Crissey</u>

This case is: **<u>Jury</u>**.

This order governs further proceedings in this action unless modified for good cause shown. It is hereby **ORDERED** as follows:

1. All discovery is closed, but for the issuance of trial subpoenas for documents to be used at trial. The parties will agree upon six (6) to eight (8) trial subpoenas for Documents to be used at trial.

2. The parties have notified the Court that they wish to mediate this case in front of a magistrate judge. Mediation is set for September 10th, 2021, with Judge Herman N. Johnson.

3. This Amended Scheduling Order supersedes any Exhibit to Pretrial Orders and/or any prior Scheduling Order.

4. **Damages**. On September 13, 2021, the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought; such list shall show the amount requested and, where applicable, the method and basis of computation.

5. **Objections to Witness and Exhibit List(s)**. On September 13, 2021, the parties will file objections to Exhibit and Witness lists. Parties shall immediately meet and confer regarding any objections to the listed exhibits. Most objections should be cured by discussion, and the parties should stipulate as to the admissibility of as many exhibits as possible.

6. **Motions In Limine.** Parties shall file any Motions in Limine on September 13, 2021.

7. **Counsel requiring authentication.** Counsel shall request and notify offering counsel in writing by September 13, 2021 after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

8. **Marking**. Each party that anticipates offering more than five (5) exhibits as substantive evidence shall premark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court. Counsel must contact the courtroom deputy for the appropriate exhibit list form for

use at trial. The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

9. **Court's Copies**. In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits (to the extent possible and practical). The notebook should include a copy of the Exhibit List.

10. **Use of Depositions at Trial**. To the extent possible, counsel will designate the portion of any deposition that counsel anticipates reading by citing pages and lines in the final witness list. Objections, if any, to those portions (citing pages and lines) with supporting authority must be filed on September 13, 2021.

11. **Trial Submissions to Court**. On September 13, 2021, each party will submit the following to the Clerk's office (for delivery to the judge's chambers):

    (a)  A listing of what each party understands to be the essential elements of each of Plaintiff's claim(s) (separate listing for each claim).

    (b)  A listing of what each party understands to be the essential elements of each Defendant's defense(s) (separate listing for each defense).

    (c)  A listing of what each party understands to be the essential elements of each Defendant's counterclaim(s), if any (separate listing for each counterclaim).

    (d)  A listing of what each party understands to be the essential elements of each defense to any Defendant's counterclaim, if any (separate listing for each defense).

    (e)  A listing of any special evidentiary or other anticipated legal problems with citation to legal authority that supports the party's position.

    (f)  Any special questions or topics for voir dire examination of the jury venire.

Parties may, if they desire, file trial briefs. Any such briefs must be filed at least ten (10) business days prior to trial. Opposing parties may respond to such trial briefs at least five (5) business days prior to trial. The briefs, if any, should not exceed ten (10) typed pages and must otherwise comply

with this court's Exhibit A to the Scheduling Order.  Additionally, three-hole punched courtesy copies of all briefs must be submitted to the Clerk's office (for delivery to the judge's chambers), as well as emailed to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*, in either Word or WordPerfect format.

12. **Jury Charges**.

On September 13, 2021, the parties shall file a **single, joint proposed jury charge**, including all necessary instructions, or definitions applicable to the specific issues of the case.  The parties need not submit standard generic instructions regarding routine matters, *e.g.*, burden of proof, credibility of witnesses, duty of jurors, etc.

(a)  **Each** requested **instruction** must be numbered and presented on a separate sheet of paper with authority cited.

(b)  In their joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including:  (1) the *prima facie* elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages.  Counsel are to use the Eleventh Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible.  Any deviations must be identified and accompanied with legal authorities for the proposed deviation.

(c)  Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, **unified** charge.  Each disputed instruction, definition, or question should be set out in bold type, underlined or italics and identified as disputed.  Each disputed item should be labeled to show which party is requesting the disputed language.  Accompanying each instruction shall be all authority or related materials upon which each party relies.  **The parties shall also email the unified charge, in either Word or WordPerfect format, to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*.**

**DONE** and **ORDERED** this September ____, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE