IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL W. RONDINI, as Administrator and Personal Representative for the Estate of MEGAN ELIZABETH RONDINI, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>TERRY J. BUNN, JR.,<br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NUMBER<br><br>7:17-CV-01114-RDP |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
### AMENDED EXHIBIT LIST AND PLAINTIFF'S WITNESS LIST

**COMES NOW** the Defendant, Terry J. Bunn, Jr., and after having met and conferred with counsel for Plaintiff, files his objections to Plaintiff's Amended Exhibit List (Doc. 187) and Plaintiff's Witness List to state as follows:

I. **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AMENDED EXHIBIT LIST**

**100.** **Deposition of Michael Rondini.**

Defendant objects to the introduction of this deposition. Mr. Rondini is available for trial, and therefore, there are no legal grounds for the admission of his deposition as an exhibit.

**102.** **Deposition of T. J. Bunn.**

Defendant objects to the introduction of this deposition. Mr. Bunn is available for trial, and therefore, there are no legal grounds for the admission of his deposition as an exhibit.

**103.** **Deposition of Dr. Barbara Ziv.**

Defendant objects to the introduction of this deposition. Dr. Ziv is available for trial, and therefore, there are no legal grounds for the admission of his deposition as an exhibit.

**105.     Deposition of Investigator Adam Jones.**

Defendant objects to the introduction of this deposition. Mr. Jones is available for trial, and therefore, there are no legal grounds for the admission of his deposition as an exhibit.

**83.     Defendant TJ Bunn's Medical Records University Medical Center, 1325 McFarland Blvd. #102, Northport, AL.**

Defendant objects to the introduction of these documents. Said documents contain information which is not relevant because it has no consequence in determining an issue in this action. Defendant also objects to the introduction of these documents on the ground that they contain hearsay.

**84.     Defendant TJ Bunn's Medical Records University Medical Center, 850 Peter Pryce Blvd, Tuscaloosa, AL 35401.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**85.     Defendant TJ Bunn's Medical Records American Family Care Midtown.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**86.     Defendant TJ Bunn's Medical Records from Noland Hospital Tuscaloosa.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**87.        Medical Records Northport Medical Center.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**88.        Defendant TJ Bunn's Medical Records   Northport Urgent Care.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**89.        Defendant TJ Bunn's Medical Records   MedCenter South.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**90.        Defendant TJ Bunn's Medical Records MedCenter North.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from Plaintiff's Amended Exhibit List.

**91.        Defendant TJ Bunn's Medical Records Med Express.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**92.     Defendant TJ Bunn's Medical Records Bryce Hospital.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**93.     Defendant TJ Bunn's Medical Records   American Family Care Tuscaloosa.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**94.     Defendant TJ Bunn's Medical Records   Alabama Family Medical Center.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**95.     Defendant TJ Bunn's Medical Records   Capstone Medical Center.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

**96.     Defendant TJ Bunn's Medical Records   Crimson Care Skyland.**

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

### 97.	Defendant TJ Bunn's Medical Records – DCH Regional Medical Center.

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

### 98.	Defendant TJ Bunn's Medical Records First Care.

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

### 99.	Defendant TJ Bunn's Medical Records – Emergi-Care.

Defendant originally asserted an objection to this exhibit. Counsel for plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from plaintiff's Amended Exhibit List.

### 106.	Affidavit of Michael Rondini signed August 12, 2019.

Defendant objects to the introduction of this Affidavit, as Mr. Rondini is available for trial, and therefore, there are no legal grounds for the admission of this Affidavit as an exhibit. Defendant also objects because affidavits are generally inadmissible hearsay. *See Perdum v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 56688, at *6, 2020 WL 1467252 (N.D. Ga. Jan. 6, 2020) ("Without more, the Court will *not* permit Plaintiff to introduce her own affidavit to the jury, as such would constitute hearsay and is not permitted at jury trial.") (emphasis in original).

**111.    Dr. Ziba Rezaee Affidavit.**

Defendant objects to the introduction of this Affidavit on the grounds that Dr. Rezaee is designated by Plaintiff as a witness in this action. The Affidavit contains Dr. Rezaee offering expert opinions that the direct cause of Ms. Rondini's suicide was due to the alleged sexual assault.  The Northern District of Alabama, in accordance with longstanding Eleventh Circuit precedent, holds that the testimony of a treating physician, who has not been properly designated as a retained expert pursuant to *Fed. R. Civ. Proc.* 26(a)(2)(B) is limited to that of a fact witness. *Dillmon v. Baptist Health Sys.*, 2007 WL 4618481 *17 (N. D. Ala., March 27, 2007). Defendant also objects because affidavits are generally inadmissible hearsay. *See Perdum v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 56688, at *6, 2020 WL 1467252 (N.D. Ga. Jan. 6, 2020) ("Without more, the Court will *not* permit Plaintiff to introduce her own affidavit to the jury, as such would constitute hearsay and is not permitted at jury trial.") (emphasis in original).

**118.    Photos of almost empty alcohol bottles at Bunn's house.**

Defendant objects to the Plaintiff's inaccurate characterization of the photo which is listed on Plaintiff's Amended Exhibit List as number 118.

**156.    Driving Record of Megan Rondini.**

Counsel for plaintiff has notified that Megan Rondini's driving records will be removed as an exhibit from plaintiff's Amended Exhibit List.

**157.    Driving history abstract of T. J. Bunn.**

Defendant objects to the introduction of these records on the grounds that they are not relevant because they have no consequence in determining an issue in this action. Defendant also

objects to the introduction of these records on the ground that they contain hearsay and are not properly authenticated.

**158.    Driving Record of Jason Barksdale.**

Defendant objects to the introduction of these records on the grounds that they are not relevant because they have no consequence in determining an issue in this action. Defendant also objects to the introduction of these records on the ground that they contain hearsay and are not properly authenticated.

**165.    State Bureau of Investigation File of Defendant.**

Defendant originally asserted an objection to this exhibit. Counsel for Plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from Plaintiff's Amended Exhibit List.

**166.    Tuscaloosa Police Department File of Defendant.**

Defendant originally asserted an objection to this exhibit. Counsel for Plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from Plaintiff's Amended Exhibit List.

**167.    Northport Police Department File of Defendant.**

Defendant originally asserted an objection to this exhibit. Counsel for Plaintiff, however, informs that no such records are in his possession, and such listing of records will be removed from Plaintiff's Amended Exhibit List.

## II.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST

### 5.    Dr. Ziba Rezaee

Defendant objects to this witness on the ground that to the extent Plaintiff seeks to offer her as an expert witness. Plaintiff has not disclosed Dr. Rezaee as an expert in this action. Dr. Rezaee should not be allowed to offer any expert opinions as to the cause of Megan Rondini's suicide. Dr. Rezaee should also not be allowed to testify as to a legal conclusion concerning the alleged sexual assault. The Norther District of Alabama, in accordance with longstanding Eleventh Circuit precedent, holds that the testimony of a treating physician, who has not been properly designated as a retained expert pursuant to *Fed. R. Civ. Pro.* 26(a)(2)(B) is limited to that of a fact witness. *Dillmon v. Baptist Health Sys.*, 2007 WL 4618481 *17 (N.D. Ala., March 27, 2007).

### 6.    Dr. Susan Arnold.

Defendant objects to this witness on the ground that to the extent Plaintiff seeks to offer her as an expert witness. Plaintiff has not disclosed Dr. Arnold as an expert in this action. Dr. Arnold should not be allowed to offer any expert opinions as to the cause of Megan Rondini's suicide. Dr. Arnold should also not be allowed to testify as to a legal conclusion concerning the alleged sexual assault. The Norther District of Alabama, in accordance with longstanding Eleventh Circuit precedent, holds that the testimony of a treating physician, who has not been properly designated as a retained expert pursuant to *Fed. R. Civ. Pro.* 26(a)(2)(B) is limited to that of a fact witness. *Dillmon v. Baptist Health Sys.*, 2007 WL 4618481 *17 (N.D. Ala., March 27, 2007).

**22.    Dr. Betty Bewley.**

Defendant objects to this witness on the ground that to the extent Plaintiff seeks to offer her as an expert witness. Plaintiff has not disclosed Dr. Bewley as an expert in this action. Dr. Bewley should not be allowed to offer any expert opinions as to the cause of Megan Rondini's suicide. Dr. Bewley should also not be allowed to testify as to a legal conclusion concerning the alleged sexual assault.  The Norther District of Alabama, in accordance with longstanding Eleventh Circuit precedent, holds that the testimony of a treating physician, who has not been properly designated as a retained expert pursuant to *Fed. R. Civ. Pro.* 26(a)(2)(B) is limited to that of a fact witness. *Dillmon v. Baptist Health Sys.*, 2007 WL 4618481 *17 (N.D. Ala., March 27, 2007).

Respectfully submitted this the 13th day of September, 2021.

Respectfully submitted,

*/s/ Richard E. Smith*
Richard E. Smith (ASB-6536-M69R)
Rachel J. Moore (ASB-8944-O64R)
W. Ivey Gilmore, Jr. (ASB-4395-I66W)
Laura J. Crissey (ASB-1078-A62C)
*Attorneys for Defendant, Terry J. Bunn, Jr.*

**OF COUNSEL:**
**CHRISTIAN & SMALL, LLP**
505 20th Street North
1800 Financial Center
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
Email: res@csattorneys.com
rjmoore@csattorneys.com

**OF COUNSEL:**
**GILMORE, ROWLEY, CRISSEY & WILSON, LLC**
1905 7th Street
Tuscaloosa, AL 35401
Telephone: (205) 752-8338
Facsimile: (205) 752-1283
Email: gilmore@gilmorerowley.com
crissey@gilmorerowley.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of September, 2021, I electronically filed the foregoing document with the CM/ECF E-Filing Website system, which will send notification of such filing to the following e-mail addresses:

*Attorneys for Plaintiff*
Leroy Maxwell, Jr.
Austin T. Russell
MAXWELL LAW FIRM
2100 1st Avenue North - Suite 370
Birmingham, AL 35203
maxwell@mxlawfirm.com
arussell@mxlawfirm.com

Julie E. Heath (Admitted PHV)
FARROW-GILLESPIE & HEATH, LLP
1700 Pacific Avenue, Suite 3700
Dallas, TX 75201
julie.heath@fghlaw.com

                                      */s/ Richard E. Smith*
                                      OF COUNSEL for Defendant, Terry J. Bunn, Jr.