## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL W. RONDINI et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:17-CV-01114-RDP** |
| | ) | **OPPOSED** |
| **TERRY J. BUNN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

Plaintiff Michael W. Rondini files this response to Defendant Terry J. Bunn, Jr.'s Motion in Limine and in response to each category of evidence Defendant seeks to exclude, shows as follows.

1. <u>Other crimes, wrongs, or acts of Defendant</u> (based on Rule 404(b)).

Rule 404(b) is a rule "of inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity." *U.S. v. Ellison*, 522 F.3d 1255, 1267 (11th Cir. 2008). Defendant seeks to exclude any reference to his arrest for DUI that occurred after the evening in question that is at the heart of this case. To be admissible under Rule 404(b), the evidence must be relevant to an issue other than the defendant's character; there must be sufficient proof of the extrinsic act; and the probative value of the evidence must not be substantially outweighed by the risk of undue prejudice under Rule 403. *Id*. Here, evidence of Defendant's arrest for DUI is probative of his excessive use of alcohol and is relevant to the question of what occurred on the night in question. The arrest record itself is sufficient proof that the arrest occurred, and Defendant will have ample opportunity to dispute his consumption of alcohol on the night in question. Given his availability

1

and Megan's unavailability, the introduction of the subsequent DUI address cannot be said to be unfairly prejudicial.

    2.  <u>Defendant's treatment for drug or alcohol abuse</u> (under Rules 401, 402 and 403)

Defendant contends that the Court should exclude evidence of Defendant's treatment for drug or alcohol abuse because such treatment is not relevant and could be used solely to evoke jury bias against Defendant. Contrary to Defendant's assertion, evidence of Defendant's treatment for drug and alcohol abuse is probative of his use of drugs and alcohol that Plaintiff contends played a role in the events on the night in question. Moreover, Defendant will testify and can deny or explain his use of drugs and/or alcohol on the night in question. Thus, the evidence would not be unduly prejudicial and should not be excluded under Rule 403.

    3.  <u>Any other claims or lawsuits against Defendant</u> (under Rules 401, 402, and 802)

Plaintiff does not object to Defendant's motion in limine regarding other lawsuits, but the ambiguous reference to "claims" potentially encompasses more than civil lawsuits. To the extent that Defendant's use of the word "claims" means anything other than references to other lawsuits, Plaintiff objects to this motion in limine.

    4.  <u>Defendant's divorce from his wife</u> (under Rules 401, 402, and 403)

Plaintiff does not oppose this motion in limine.

    5.  <u>Cynthia Rondini's Cancer Diagnosis and Death, both of which were subsequent to the dates of the allegations as stated in the Complaint</u> (under Rules 401, 402, and 403)

Plaintiff understands Defendant's motion to seek exclusion of the fact that Cynthia Rondini was diagnosed with cancer and the cancer ultimately caused her death, not exclusion of evidence that she is deceased. Certainly, the fact of Mrs. Rondini's death is relevant to her absence from the courtroom and her failure to appear as a live witness to testify; thus, Plaintiff should be able to present testimony about her death. Further, the fact that Mrs. Rondini's death was caused by cancer

is inextricably related to her death. Excising the reason for her death from the death itself would lead to disjointed testimony causing unnecessary speculation on the part of the jury.

      6.  <u>Financial Condition or Net Worth</u> (under Rules 401 and 403)

Plaintiff agrees that the affirmative use of net worth information is generally inadmissible pursuant to Ala. Code 6-11-23. However, if the Defendant puts his financial condition or net worth at issue during trial, Plaintiff reserves the right to use this type of evidence.

      7.  <u>Specialization of counsel and referring to defense counsel as insurance lawyers</u> (under Rules 401, 403, and 411)

Plaintiff does not oppose this motion in limine.

      8.  <u>Insurance</u> (under Rules 401, 403, and 411)

Plaintiff does not oppose this motion in limine.

      9.  <u>"Findings" section of Autopsy Report of Megan Rondini</u> (under Rule 801 and expert designation rule)

Defendant seeks to exclude evidence contained in the autopsy report of Jeffrey J Barnard, M.D., Director and Chief Medical Examiner of the Southwestern Institute of Forensic Sciences in Dallas related to the death of Megan Rondini on the grounds that the report contains hearsay, lacks foundation, fails to establish a medical opinion to a reasonable degree of medical certainty, and contains expert opinion testimony from an expert not identified by Plaintiff. Initially, treating physicians, such as the Medical Examiner, are not expert witnesses subject to expert witness disclosure obligations. *See Brown v. Best Foods, A Div. of CPC Int'l, Inc.*, 169 F.R.D. 385, 387 (N.D. Ala. 1996). Thus, the failure of Plaintiff to identify Dr. Barnard as an expert is immaterial. Further, the testimony of a neutral Medical Examiner regarding factual observations related to his examination of Megan's body is credible and relevant. *Id.* at 388 ("no question that in most cases the testimony of a treating physician is relevant, material and often highly probative").

3

Defendant's contention that the Medical Examiner went too far in drawing his conclusions about Megan's mental condition does not change the fact of his conclusion and does not restrict Defendant from addressing the conclusion in cross examination and/or attorney argument. Finally, Defendant's contention that the "findings" portion of the autopsy should be excluded because it contains inadmissible hearsay should be rejected. The "findings" are not offered to prove that Megan suffered from PTSD but to show only that the Medical Examiner thought she did. Thus, the "findings" are not excludable under the hearsay rule.

10. <u>Trading place with or stepping into the plaintiff's shoes</u>

Plaintiff does not object to this motion in limine.

11. <u>Media Reports</u>

Provided Defendant is bound by the same restriction, Plaintiff does not oppose this motion in limine. Defendant's exhibit list indicates that he intends to introduce reports from a newspaper, which would violate a limine order on this subject.

12. <u>Megan Rondini being drugged before or during the time of the incident</u>

Defendant seems to contend that medical records from the night in question establish that Megan was not drugged on the night of the assault. They do not. At best, they are inconclusive. Further, testimony that is of a type properly considered as lay witness testimony is admissible pursuant to Rule 701 in the discretion of the trial judge. FED. R. EVID. 701 (reciting that lay witness testimony is admissible if opinions are rationally based on the perception of the witness and helpful to a clear understanding of witness's testimony or determination of a fact in issue). Certainly, Megan's friends who were with her on the night in question can testify as to their observations of Megan's actions and whether she was acting like she was impaired and to what degree. These observations are probative of Megan's actions, particularly whether she was in a condition to

consent to her transport to Defendant's home and the later sexual encounter. In the absence of medical records that indicate one way or the other, Megan's friends' testimony is particularly relevant.

13. <u>Michael Rondini is from a law enforcement family and that history is what is driving the pursuit of this lawsuit.</u>

Plaintiff does not oppose this motion in limine.

14. <u>Opinions on the propriety of the criminal investigation conducted by any law enforcement agency.</u>

Defendant seeks to prevent the introduction of any evidence questioning the criminal investigation against him. If Defendant seeks to introduce the outcome of the criminal investigation as evidence that Defendant committed no bad act, Plaintiff is entitled to cross-examine that implication by pointing to problems in the investigation. Further, contrary to Defendant's implication that an expert would need to opine about the propriety of the criminal investigation, expert opinion testimony is wholly unnecessary to cross examine a witness on investigation tactics and conclusions.

15. <u>Statements made by Bunn to his attorneys or his attorneys to him.</u>

To the extent that Defendant establishes the elements of the attorney-client privilege to any conversation, Plaintiff does not oppose this motion in limine. However, the conversations between Bunn and Jason Neff referenced in Defendant's Motion were not privileged communications. Both Bunn and Neff were aware that their conversations was being recorded; thus they had no reasonable expectation of privacy. Under Alabama law, attorney client privilege is waived when "client to attorney communications are made in the presence of a third party whose presence is not necessary for the successful communication between the attorney and the client." *Branch v. Greene County Bd. Of Educ.*, 533 So. 2d 248, 255 (Ala. Civ. App. 1988). Because both Bunn and

Neff were aware that the Tuscaloosa Police Department was recording every conversation that occurred in the room, the attorney-client privilege was waived. The Police Department was present in the room via their camera and recording device, facts known to both Bunn and Neff, and their presencewas not necessary for Bunn and Neff to have successful communication.

Bunn's reliance on *Gennusa v. Canova* to support his position fails. That case involved the violation of an individual's fourth amendment right to be free from an unreasonable search and seizure when police recorded an attorney-client conversation without giving notice to either the attorney or client. *See Gennusa v. Canova*, 748 F.3d 1103, 1112 (11th Cir. 2014). Here, Bunn and/or Neff were notified that they were being recorded; their volitional conversation with that knowledge effectively waived the privilege.

16. <u>Any reference to or allegation that Attorney W. Ivey Gilmore, Jr. threatened or harassed Megan Rondini</u>.

Defendant seeks to exclude testimony from Cindy Rondini that he did not object to at her deposition. Pursuant to the express agreement of the parties at the deposition, objections to deposition questions and answers were required to be made at the time of the deposition. *See* Cynthia Rondini deposition at p. 8. Thus, Defendant has waived his objection to the admissibility of this testimony.

*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Attorney for Plaintiff

**Leroy Maxwell, Jr.**
**Maxwell Tillman Law Firm**
2326 and Avenue North
Birmingham, AL 35209
Phone: (205) 216-3304
Fax: (205) 409-4145
maxwell@mxlawfirm.com

**OF COUNSEL:**
*/s/ Austin T. Russell*
Austin T. Russell
Attorney for Plaintiff

**Austin Russell**
**Maxwell Tillman Law Firm**
2326 and Avenue North
Birmingham, AL 35209
Phone: (205) 216-3304
Fax: (205) 409-4145
maxwell@mxlawfirm.com
aruussell@mxawfirm.com

*/s/ Julie E. Heath*
Julie E. Heath
Attorney for Plaintiff

**Julie E. Heath**
**Farrow-Gillespie Heath Witter, LLP**
1700 Pacific Avenue Suite 3700
Dallas, Texas 75201
Phone: (214) 361-5600
Fax: (214) 203-0651
Julie.heath@fghwlaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk Court using the CM/ECF system on this 16th day of September 2021, serving the following individual:

**Richard E. Smith**
**Christian & Small, LLP**
505 North 20th Street Suite 1800
Birmingham, AL 35203
Phone: (205) 795-6588
Fax: (205) 328-7234
resmith@csattorneys.com

**Rachel J. Moore**
**Christian & Small, LLP**
505 North 20th Street Suite 1800
Birmingham, AL 35203
Phone: (205) 795-6588
Fax: (205) 328-7234
rjmoore@csattorneys.com

**W. Ivey Gilmore, Jr.**
**Gilmore, Poole & Rowley**
1905 7th Street
Tuscaloosa, AL 35041
Phone: (205) 752-8338
Fax: (205) 686-1516
gilmore@gilmorerowley.com

**Laura J. Crissey**
**Gilmore, Poole & Rowley**
1905 7th Street
Tuscaloosa, AL 35041
Phone: (205) 752-8338
Fax: (205) 686-1516

*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Attorney for Plaintiff